## CAPITAL TRACTION COMPANY *v.* SNOWDEN.

---

VARIANCE; WAIVER; CONTRIBUTORY NEGLIGENCE; QUESTION FOR JURY.

1. One injured by collision with a street car can only recover on proof of the operation of the car at a reckless speed, where that is the only negligence alleged in his declaration.
2. An objection by the defendant, upon the ground of variance, to the admission of evidence by plaintiff on the issue of last clear chance

---

NOTE.—For authorities discussing the question of applicability of doctrine of last clear chance as affected by question whether negligence of plaintiff or deceased and of defendant was concurrent, see notes in 7 L.R.A.(N.S.) 132, 152; 17 L.R.A.(N.S.) 707; 19 L.R.A.(N.S.) 446; 27 L.R.A.(N.S.) 379; 36 L.R.A.(N.S.) 958.

under a declaration limiting defendant's negligence to excessive or reckless speed in the operation of its street car which struck plaintiff, is waived by its introduction of similar evidence, and its motion for a directed verdict upon the whole evidence, and its election, upon the denial thereof, to go to the jury upon its case as made.

3. One driving upon street car tracks in front of an approaching car cannot be held to be guilty of contributory negligence as matter of law, where there is evidence to the effect that the car was from 150 to 250 feet from the crossing and running at the rate of 30 miles an hour, and that at such speed it could have been stopped in a distance of from 86 to 250 feet.

No. 3144.   Submitted December 4, 1918.   Decided February 3, 1919.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action against a street railway for negligence.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action in tort brought by appellee, Norris Snowden, plaintiff below, to recover damages for injuries received through the alleged negligent operation of one of defendant company's street cars.   Defendant, Capital Traction Company, operates a street railway system in the District of Columbia which extends into the State of Maryland, and the accident occurred in Maryland at what is known as the Percy street crossing, on that portion of the defendant's road extending from the District line to Chevy Chase lake.

At the point of the accident, defendant's double-track line extends north and south parallel with and along the east side of Connecticut avenue, a macadamized street.   On the morning of the accident, plaintiff, with three fellow workmen, was driving a team and wagon north along Connecticut avenue. When he reached Percy street, he turned across the tracks, and the wagon was struck by a north-bound car, causing the injuries complained of.

Plaintiff in his declaration charges that the accident was

caused "by the negligence of the said defendant, its agents, and servants; and, in neglect and disregard of its aforesaid duty to prudently and carefully operate its said cars, one of the cars of the said defendant, traveling with reckless speed along said Connecticut avenue toward said Chevy Chase lake, ran down and struck, and with great force and violence collided with, said wagon, in which said plaintiff was riding, whereby and by reason of which negligence, said plaintiff was thrown violently out of said wagon, and suffered and sustained great injuries," etc. To which defendant interposed the plea of not guilty.

*Mr. G. Thomas Dunlop* and *Mr. Edwin A. Swingle,* for the appellant, in their brief cited:

*A. T. & S. R. Co.* v. *Baker,* 16 L.R.A.(N.S.) 825; *Barnett* v. *La. West.* R. *Co.* L.R.A.1917E, 1124; *Bourrell* v. *C. & N. W. R. Co.* 36 L.R.A.(N.S.) 957; *Carey* v. *Cumberland & W. Electric R. Co.* 106 Md. 529, 16 L.R.A.(N.S.) 297; *Chun* v. *Kent & I. Bridge Co.* 23 Ky. L. Rep. 1092, 64 S. W. 649; *Coyle* v. *Third Ave. R. Co.* 40 N. Y. Supp. 1131; *Drone* v. *Nor. Ohio Traction Co.* 10 L.R.A.(N.S.) 421; *Dyerson* v. *U. P. R. Co.* 7 L.R.A.(N.S.) 132; *Edward* v. *C. & O. R. Co.* 32 Ky. L. Rep. 1240, 108 S. W. 303; *Exum* v. *A. C. L. Co.* 33 L.R.A.(N.S.) 169; *Flaherty* v. *Butte Electric R. Co.* 40 Mont. 454, 107 Pac. 417; *Gaines & Co.* v. *Johnson,* 32 Ky. L. Rep. 58, 105 S. W. 381; *Gast* v. *Northern P. R. Co.* — N. D. —, 147 N. W. 793; *Hart* v. *Northern P. R. Co.* — C. C. A. —, 196 Fed. 180; *Hattcher* v. *McDermott,* 103 Md. 78, 63 Atl. 214; *Heying* v. *United R. & Electric Co.* 100 Md. 281, 59 Atl. 667; *Lynch* v. *Chicago City R. Co.* 167 Ill. App. 71; *Martini* v. *Oregon-Washington R. & Nav. Co.* — Or. —, 144 Pac. 104; *McNab* v. *United R. & Electric Co.* 94 Md. 719, 51 Atl. 421; *Mosso* v. *Stanton Co.* L.R.A.1916A, 943; *Neary* v. *Nor. P. R. Co.* 19 L.R.A.(N.S.) 446; *Nehring* v. *Com. Co.* 45 L.R.A. (N.S.) 896; *Phillips* v. *Washington & R. R. Co.* 104 Md. 455, 65 Atl. 422; *Plummer* v. *W. B. & A. Electric R. Co.* 124 Md.

200; *Smith* v. *Conn. R. & L. Co.* 17 L.R.A.(N.S.) 707; *Southern R. Co.* v. *Bailey,* 27 L.R.A.(N.S.) 379; *State use of Meidling* v. *United R. & Electric Co.* 97 Md. 73, 54 Atl. 612; *State use of Silver* v. *P. B. & W. R. Co.* 120 Md. 70, 87 Atl. 492; *Stork* v. *Pac. Elec. R. Co.* L.R.A.1916E, 58; *Todd* v. *Cinn. N. O. & T. P. Co.* L.R.A.1916E, 555; *Wabash R. Co.* v. *Tippecanoe L. & T. Co.* 38 L.R.A.(N.S.) 1167; *Westerman* v. *United R. & Electric Co.* 127 Md. 225, 96 Atl. 355; *Wilson* v. *Illinois C. R. Co.* 34 L.R.A.(N.S.) 687.

*Mr. Walter B. Guy* and *Mr. Clyde D. Garrett* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged that the negligence charged is confined to the operation of the car at a reckless speed, and, unless defendant is shown to have been negligent in this particular, there can be no recovery. We are of opinion that this contention is correct. Plaintiff alleged the specific act of negligence upon which he relied, and his case must be supported by evidence relating to that alone. Without reviewing the testimony, we are of opinion that there was sufficient evidence indicative of defendant's negligence in operating the car at a reckless rate of speed to justify the court in submitting that issue to the jury.

Counsel for defendant contend that contributory negligence as matter of law was established, and that the court erred in refusing to grant defendant's prayer for a directed verdict. The evidence in chief tending to establish contributory negligence fixes the car at different distances from the crossing at the moment plaintiff drove upon the tracks. Plaintiff himself testified that, "as he approached Percy street, one car was about two blocks up the track south of him. He saw it as he was going to turn across the track. * * * And the Lord in Heaven only knows how fast it was going; it was flying. When he first saw it two blocks away, it was flying. The paper and everything was flying in the air, and he turned and looked at

it. Before he made the turn to go on the track he saw the car about two blocks away when he turned." This was the extreme distance at which any witness placed the car from the crossing at the time plaintiff turned to drive upon the tracks.

One of plaintiff's witnesses, who was on the platform of a south-bound car approaching the crossing, testified that "four colored men were in the wagon,—two on the seat, and two in the rear of the wagon,—and they were walking the horses slowly. When they reached Percy street, the driver turned his horses to the right, eastward, and started over the tracks about two poles in front of a north-bound car which was approaching at about 60 miles an hour, and the driver began to whip up his horses as he started over the tracks. I knew the motorman of the south-bound car, and said to him; 'My God, Bryant, they will all get killed,' or something to that effect. When the team started over the north-bound track they were about 60 feet in front of the car."

On this evidence it may be that, if defendant had interposed a motion for a directed verdict, at the conclusion of plaintiff's case, on the ground that the evidence established contributory negligence as matter of law, it could have been sustained; but, instead, defendant put in its case, and offered testimony which, we think, fully justified the court in submitting the case to the jury.

The motorman of the south-bound car testified that a car running at the rate of 30 miles an hour might be stopped in two lengths of the car, or about 86 feet. The conductor of the north-bound car testified that, when he saw plaintiff driving on the tracks, the car was running at about 30 miles an hour, and was from 200 to 250 feet from the crossing. The motorman of the car which caused the accident testified that, when he saw the plaintiff drive on the tracks, his car was about 150 feet from the crossing; and that, by actual experiment afterwards at this point, he had succeeded in stopping the same car, running at 30 miles an hour, in a distance of 250 feet. From this evidence, the jury might well infer that, despite the contributory negligence of plaintiff, the accident could have been avoided

by the motorman stopping his car after he saw, or by the exercise of reasonable diligence should have seen, plaintiff enter upon the tracks.

But this injected into the case the doctrine of "last clear chance." When plaintiff's first witness was on the stand, "he was asked whether the motorman made any effort to avoid the collision, to which question counsel for the defendant then and there objected on the ground that the negligence charged in the declaration was solely that the car was traveling with reckless speed; that there was no charge of negligence in the declaration based upon the doctrine of last clear chance, and that therefore evidence tending to show whether or not the motorman was negligent in failing to stop his car after the plaintiff was in a position of danger was not admissible, no such cause of action being pleaded; but the court overruled the said objection and permitted the witness to answer, to which action of the court counsel for defendant then and there excepted and the court entered the said exception upon its minutes; it being then and there agreed between counsel and the court that said exception should apply as well to all subsequent testimony tending to establish a cause of action founded upon the doctrine of last clear chance or failure or lack of warning, and also with respect to testimony of any negligence on the part of the company except excessive or reckless speed. Thereupon the witness testified that he did not notice whether the motorman made any effort to check the speed of the car or to avoid the collision." Without stopping to consider the sufficiency of a sweeping objection of this sort to put the court and opposing counsel on notice throughout the whole trial as to just what portions of the testimony it applied, it is clear that, from the answer of the witness to the question to which the objection was interposed, defendant suffered no prejudice. But assuming the objection and exception extended throughout the case, it could only apply to evidence offered on behalf of plaintiff, and no further offer of similar evidence was made by plaintiff. But defendant, waiving the right to move for a directed verdict at the conclusion of plaintiff's case, opened up the whole question

of "last clear chance," and at the conclusion of all the evidence "prayed the court that the jury be instructed that upon the whole evidence their verdict should be for the defendant."

Defendant cannot rely upon its objection to plaintiff's evidence on the issue of "last clear chance" as a challenge to the admissibility of similar evidence introduced at its own instance. Neither is defendant in position at this stage of the case to claim a variance between the declaration and the proof as offered by it tending to establish "last clear chance." This testimony was voluntarily offered by the defendant, and the question of variance was not raised in the court below. Defendant moved for a directed verdict "upon the whole evidence," and, when this motion was denied, elected to go to the jury upon its case as made. Hence, it will be deemed to have waived any objection that might have been interposed on the ground of variance.

In this view of the case, we are not called upon to decide the more difficult question of the right of plaintiff, under a special charge of negligence, to introduce evidence to establish the right of recovery under "last clear chance," notwithstanding his own contributory negligence. Besides, the record is incomplete, in that it does not contain the charge of the court to the jury, which, we must assume, correctly stated the law of the case.

The judgment is affirmed, with costs.　　　　　*Affirmed.*